## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QUANTUM CATALYTICS, LLC, and TEXAS SYNGAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZE-GEN, INC.; WILLIAM DAVIS; NEW BEDFORD WASTE SERVICES, LLC; VANTAGEPOINT MANAGEMENT, INC.; VANTAGEPOINT CLEANTECH PARTNERS, LP; VANTAGEPOINT VENTURE PARTNERS 2006 (Q), LP; FLAGSHIP VENTURES 2004 FUND LLC; and IRV MORROW, <br><br> Defendants. | Civil Action No. 1:08-cv-11456 <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT FLAGSHIP VENTURES 2004 FUND LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 8, Defendant Flagship Ventures 2004 Fund LLC ("Flagship") submits this answer in response to the allegations contained in the numbered paragraphs of the Plaintiffs' Second Amended Complaint as follows:

### THE PARTIES

1.  Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies the allegations therein.

2.  Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis denies the allegations therein.

3.      Flagship admits that Ze-Gen is a Delaware corporation with its principal place of business in Boston, Massachusetts, and its president is William Davis.  Flagship is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 3 and on that basis denies such other allegations.

4.      Flagship admits that William Davis is the president of Ze-Gen.  Flagship is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 4 and on that basis denies such other allegations.

5.      Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies the allegations therein.

6.      Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies the allegations therein.

7.      Flagship admits the allegations contained in Paragraph 7.

8.      Flagship admits that Irv Morrow is the Chief Technology Officer of Ze-Gen. Flagship is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 8 and on that basis denies such other allegations.

## JURISDICTION

9.      No answer is required to the allegations contained in Paragraph 9, which consist merely of conclusions of law.

10.      No answer is required to the allegations contained in Paragraph 10, which consist merely of conclusions of law.

11.      No answer is required to the allegations contained in Paragraph 11, which consist merely of conclusions of law.  To the extent the allegations contained in Paragraph 11 contain allegations of fact, Flagship admits that it maintains a physical presence within the

Commonwealth of Massachusetts and denies the remaining allegations contained in Paragraph 11.

## VENUE

12.     No answer is required to the allegations contained in Paragraph 12, which consist merely of conclusions of law.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies the allegations therein.

14.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies the allegations therein.

15.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis denies the allegations therein.

16.     Flagship admits that copies of the patents-in-suit are attached to the Complaint as Exhibits "A" through "H."  Flagship is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 16 and on that basis denies such other allegations.

17.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis denies the allegations therein.

18.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and on that basis denies the allegations therein.

19.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis denies the allegations therein.

20.     Flagship denies that it has infringed or continues to infringe Plaintiffs' patents and that it has knowingly and actively participated, induced, encouraged, and supported allegedly infringing actions by Ze-Gen.  Flagship is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 20 and on that basis denies such other allegations.

21.     Flagship denies the allegations contained in Paragraph 21.

22.     To the extent the allegations contained in Paragraph 22 relate to Flagship, Flagship denies them.  To the extent the allegations contained in Paragraph 22 relate to the other Defendants, Flagship is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

23.     To the extent the allegations contained in Paragraph 23 relate to Flagship, Flagship denies them.  To the extent the allegations contained in Paragraph 23 relate to the other Defendants, Flagship is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

24.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and on that basis denies the allegations therein.

25.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis denies the allegations therein.

26.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and on that basis denies the allegations therein.

27.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and on that basis denies the allegations therein.

28.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis denies the allegations therein.

29.     Flagship admits that it provided Ze-Gen funding but denies that it did so with awareness of Plaintiffs' patents and the fact that Ze-Gen would infringe.  Flagship is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 29 and on that basis denies such allegations.

30.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and on that basis denies the allegations therein.

31.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and on that basis denies the allegations therein.

32.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis denies the allegations therein.

33.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and on that basis denies the allegations therein.

34.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and on that basis denies the allegations therein.

35.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and on that basis denies the allegations therein.

36.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and on that basis denies the allegations therein.

37.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and on that basis denies the allegations therein.

38.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and on that basis denies the allegations therein.

39.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and on that basis denies the allegations therein.

40.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and on that basis denies the allegations therein.

41.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and on that basis denies the allegations therein.

42.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and on that basis denies the allegations therein.

43.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and on that basis denies the allegations therein.

44.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and on that basis denies the allegations therein.

45.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and on that basis denies the allegations therein.

46.     Flagship admits that it has invested in Ze-Gen and denies the remaining allegations contained in Paragraph 46.

47.     Flagship admits that it has one appointee to the Board of Directors of Ze-Gen, that Flagship's appointee is Jim Matheson, that Mr. Matheson is a partner of Flagship Ventures, and that he serves as Chairman of the Board of Directors of Ze-Gen.  Flagship denies the remaining allegations contained in Paragraph 47.

48.     To the extent the allegations contained in Paragraph 48 relate to Flagship, Flagship denies them.  To the extent the allegations contained in Paragraph 48 relate to the other Defendants, Flagship is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

## CLAIMS FOR RELIEF

### COUNT I

49.     Flagship repeats and reincorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50.     Flagship denies the allegations contained in Paragraph 50.

51.     Flagship denies the allegations contained in Paragraph 51.

52.     Flagship denies the allegations contained in Paragraph 52.

53.     Flagship denies the allegations contained in Paragraph 53 and denies that Plaintiffs are entitled to any form of relief.

54.     Flagship denies the allegations contained in Paragraph 54.

### COUNT II

55.     Flagship repeats and reincorporates by reference its responses to the allegations contained in Paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

56.     Flagship denies the allegations contained in Paragraph 53 and denies that Plaintiffs are entitled to any form of relief.

### COUNT III

57.     Flagship repeats and reincorporates by reference its responses to the allegations contained in Paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

58.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and on that basis denies the allegations therein.

59.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and on that basis denies the allegations therein.

60.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and on that basis denies the allegations therein.

61.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and on that basis denies the allegations therein.

62.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and on that basis denies the allegations therein.

63.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and on that basis denies the allegations therein.

## COUNT IV

64.     Flagship repeats and reincorporates by reference its responses to the allegations contained in Paragraphs 1 through 63 with the same force and effect as if fully set forth herein.

65.     No answer is required to the allegations contained in Paragraph 65, which consist merely of conclusions of law.  To the extent the allegations contained in Paragraph 65 contain allegations of fact, Flagship is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

66.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and on that basis denies the allegations therein.

67.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and on that basis denies the allegations therein.

68.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and on that basis denies the allegations therein.

## COUNT IV

69.     Flagship repeats and reincorporates by reference its responses to the allegations contained in Paragraphs 1 through 68 with the same force and effect as if fully set forth herein.

70.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and on that basis denies the allegations therein.

71.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and on that basis denies the allegations therein.

72.     No answer is required to the allegations contained in Paragraph 72, which consist merely of conclusions of law.  To the extent the allegations contained in Paragraph 72 contain allegations of fact, Flagship is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

73.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and on that basis denies the allegations therein.

74.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and on that basis denies the allegations therein.

75.     Flagship is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and on that basis denies the allegations therein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief against Flagship because Flagship is not infringing and has not infringed, has not induced infringement of, and has not contributed to the infringement of any of the claim of the patents in suit.

### THIRD AFFIRMATIVE DEFENSE

One or more of the claims of the patents in suit are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE

One or more of the claims of the patents in suit are unenforceable against Flagship because of waiver, estoppel, laches, unclean hands, acquiescence, or other applicable equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are limited and/or barred by 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no injury from any act attributable to Defendants; the remedies available at law are not inadequate for any of Plaintiffs' alleged injuries; the balance of hardships between Plaintiffs and Defendants do not favor an equitable remedy; and the public interest would not be served by any equitable remedy against Defendants in favor of Plaintiffs. Therefore, Plaintiffs are not entitled to any equitable relief, including injunctive relief.

### COUNTERCLAIMS

Flagship alleges counterclaims against Quantum Catalytics, LLC, and Texas Syngas, Inc. as follows:

## PARTIES

1.      Counter-plaintiff Flagship Ventures 2004 Fund LLC ("Flagship") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Cambridge, Massachusetts.

2.      Upon information and belief, counter-defendant Quantum Catalytics, LLC ("Quantum") is a Delaware limited liability company with its principal place of business in Fall River, Massachusetts.

3.      Upon information and belief, counter-defendant Texas Syngas, Inc. ("TSI"), now known as $NC_{12}$ Inc., is a Nevada corporation with its principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

5.      Quantum and TSI are subject to personal jurisdiction in this District.

6.      Venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

7.      Quantum claims to be the owner of all rights and interests in the patents-in-suit: U.S. Patent Nos. 5,191,154 ("the '154 patent"), 5,322,547 ("the '547 patent"), 5,358,549 ("the '549 patent"), 5,358,697 ("the '697 patent"), 5,436,210 ("the '210 patent"), 5,679,132 ("the '132 patent"), 5,744,117 ("the '117 patent"), and 5,301,620 ("the '620 patent").  TSI claims to hold exclusive licenses to the technology protected by the patents-in-suit.  Quantum and TSI claim together to have the right to bring suit to enforce their respective rights in the patents-in-suit.

8.      Quantum and TSI have accused Flagship of infringement of the patents-in-suit.

9.      An actual case or controversy exists between the parties concerning the infringement and validity of one or more claims of the patents-in-suit.

## COUNT ONE

### (Non-infringement and Invalidity of the '154 Patent)

10.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-9 as if fully set forth herein.

11.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '154 patent, either literally or under the doctrine of equivalents.

12.     One or more claims of the '154 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

13.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '154 patent, and that the '154 patent is invalid.

## COUNT TWO

### (Non-infringement and Invalidity of the '547 Patent)

14.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-13 as if fully set forth herein.

15.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '547 patent, either literally or under the doctrine of equivalents.

16.     One or more claims of the '547 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

17.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '547 patent, and that the '547 patent is invalid.

## COUNT THREE

### (Non-infringement and Invalidity of the '549 Patent)

18.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-17 as if fully set forth herein.

19.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '549 patent, either literally or under the doctrine of equivalents.

20.     One or more claims of the '549 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

21.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '549 patent, and that the '549 patent is invalid.

## COUNT FOUR

### (Non-infringement and Invalidity of the '697 Patent)

22.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-21 as if fully set forth herein.

23.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '697 patent, either literally or under the doctrine of equivalents.

24.     One or more claims of the '697 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

25.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '697 patent, and that the '697 patent is invalid.

## COUNT FIVE

### (Non-infringement and Invalidity of the '210 Patent)

26.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-25 as if fully set forth herein.

27.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '210 patent, either literally or under the doctrine of equivalents.

28.     One or more claims of the '210 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

29.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '697 patent, and that the '697 patent is invalid.

## COUNT SIX

### (Non-infringement and Invalidity of the '132 Patent)

30.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-29 as if fully set forth herein.

31.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '132 patent, either literally or under the doctrine of equivalents.

32.     One or more claims of the '132 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

33.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '132 patent, and that the '132 patent is invalid.

## COUNT SEVEN

### (Non-infringement and Invalidity of the '117 Patent)

34.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-33 as if fully set forth herein.

35.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '117 patent, either literally or under the doctrine of equivalents.

36.     One or more claims of the '117 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

37.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '117 patent, and that the '117 patent is invalid.

## COUNT EIGHT

### (Non-infringement and Invalidity of the '620 Patent)

38.     Flagship repeats and incorporates the allegations of the preceding counterclaim paragraphs 1-37 as if fully set forth herein.

39.     Flagship has not directly or indirectly infringed and is not directly or indirectly infringing the '620 patent, either literally or under the doctrine of equivalents.

40.     One or more claims of the '620 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 102, 103, and/or 112.

41.     Flagship is entitled to a declaratory judgment that it has not infringed and is not infringing the '620 patent, and that the '620 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Flagship requests entry of judgment in its favor and against Quantum and TSI as follows:

A.     Dismiss Quantum and TSI's Complaint with prejudice, denying all relief to Quantum and TSI;

B.     Declare that Flagship has not infringed and does not infringe any asserted claim of the patents-in-suit;

C.     Declare that the asserted claims of the patents-in-suit are invalid;

D.     Find that this is an exceptional case and award Flagship its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

E.     Award Flagship such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Flagship demands a trial by jury on all issues so triable.


Respectfully submitted,

FLAGSHIP VENTURES 2004 FUND LLC

By its attorneys,


/s/  Tristan C. Snell
Vinita Ferrera (BBO #631190)
Tristan C. Snell (BBO #657203)
Wilmer Cutler Pickering Hale and Dorr LLP

60 State Street
Boston, MA  02109
(617) 526-6000

Dated:  February 13, 2009

## <u>CERTIFICATE OF SERVICE</u>

I, Tristan C. Snell, counsel for Defendant Flagship Ventures 2004 Fund LLC, hereby certify that on February 13, 2009, a true copy of the above document was served upon counsel of record by ECF.

*/s/  Tristan C. Snell*
Tristan C. Snell

US1DOCS 7053350v1